```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X         Case No.  14-22834 (RDD)
IN RE:

**SUZANNE WHITMORE,**
                                                                    Chapter 13
                                  Debtor.
---------------------------------------------------------X
```

## ORDER VOIDING JUNIOR MORTGAGE LIEN OF RAMTRS INVESTMENT, INC.

Upon the motion, dated October 23, 2014 (the "Motion"), of the above Debtor (the "Debtor"), for an order determining that the junior mortgage lien held by Ramtrs Investment, Inc. (with any subsequent successor or assign, "Creditor") on the Debtor's property located at <u>152 Holbrook Road, Briarcliff Manor, NY 10510; Block 1 Lot 13 Census 132.01</u> (the "Property") is void as being wholly unsecured under 11 U.S.C. §§ 506(a) and 1322, and reclassifying the secured claim of the Creditor in this case based on such lien as an unsecured claim; and it appearing that due and sufficient notice of the Motion and the hearing thereon was provided; and upon the Creditor's objection to the Motion; and upon the record of the November 19, 2014 hearing held by the Court on the Motion; and, after due deliberation, it the Court having found and concluded that (a) the amount of the senior debt secured by the Property exceeds the value of the Property and that there is no collateral value in the Property to secure the Debtor's obligations to the Creditor under the Creditor's mortgage on the Property and (b) the Creditor's objection to the Motion accordingly should be denied; and good and sufficient cause appearing, it is hereby ORDERED that

    1. The Motion is granted.

    2. Any claim timely filed by or on behalf of the Creditor against the Debtor and the Debtor's estate in this case based on its junior mortgage on the Property shall be treated as wholly unsecured.

3. The wholly unsecured lien of the Creditor's junior mortgage on the Property is declared void (see In re Pond, 252 F.3d 122 (2d Cir. 2001)), subject to the Creditor's rights under 11 U.S.C. § 363(k) and its right to such lien's reinstatement upon any dismissal or conversion of the Debtor's chapter 13 case prior to the performance of the Debtor's chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2).

4. The Clerk of the County of Westchester, New York shall mark on its records that the Creditor's junior mortgage on the Property, appearing at Control Number 471220577 and Control Number 462481120, is void pursuant to Bankruptcy Court Order, subject to the lien's reinstatement upon any dismissal or conversion of the Debtor's chapter 13 case prior to the performance of the Debtor's chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2); provided, that the Debtor may in the alternative record a copy of this Order with the Clerk of the County of Westchester, New York to provide such notice.

5. Notwithstanding any other provision of this Order, this Order shall remain effective if the above-captioned case is converted to a case under chapter 11.

Dated: White Plains, New York
       November 24, 2014

                                                /s/Robert D. Drain
                                                United State Bankruptcy Judge
                                                Honorable Robert D. Drain